## THE CHICAGO CITY RAILWAY COMPANY
### V.
### FANNY YANCEY.

*Master and Servant—Street Railway Company—Conductor—Negligence of—Premature Starting of Car—Personal Injuries—Damages—Evidence—Instructions.*

One suffering from a personal injury caused by the negligence of another is entitled to damages up to the time of trial should the effects thereof continue so long, and thereafter, when the same are "imminent and sufficiently certain."

[Opinion filed May 8, 1889.]

IN ERROR to the Superior Court of Cook County; the Hon. GWYNN GARNETT, Judge, presiding.

Mr. C. M. HARDY, for plaintiff in error.

Messrs. ALLAN C. STORY and LOUIS WASHINGTON, for defendant in error.

GARY, J. There is no merit in this application to have the proceedings in the Superior Court reviewed.

The only testimony as to the accident was on the part of the defendant in error, plaintiff in the Superior Court. She testified and was corroborated, that, being a passenger on a car of the company, she attempted to alight from it, when the car had been stopped for that purpose, and while she was partly off, the car was started by the conductor, and she was thrown to the ground and hurt. On this evidence the brief consists of abuse of the witness, and a discussion on natural philosophy as to where would be the center of gravity of a woman alighting from a car.

The company on the trial admitted that the car was run by them, and yet the brief now says there is no proof of it. The criticism upon an instruction that the word " negligently " or

"carelessly" is omitted where it should have been inserted, with reference to the act of the conductor in starting the car while she was getting off, is abstractly just. But that omission is utterly immaterial as to the merits of the case.

It is claimed that the jury should have been told that the defendant in error could have no damages except for injuries sustained before the suit was commenced. There was testimony as to permanent injury, and "the actual effects down to the time of the trial, are provable; and whether those that may ensue later may be taken into account, will depend whether they are imminent and sufficiently certain." 1 Sutherland on Damages, 187. The judgment is affirmed.

*Judgment affirmed.*